IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
2010 JUL -6  A 8: 53
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **JUSTIN NOLES** | * |
| Plaintiff, | * |
| vs. | *   CASE NO: |
| | **JURY DEMAND** |
| **COOSA VALLEY YOUNG SERVICES, INC.,** | * |
| | * |
| Defendant. | |

CV-10-BE-1803-E

## COMPLAINT

This action is brought seeking damages as a result of the herein described conduct, the same being in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. The plaintiff also asserts state law claims.

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the Acts of Congress known as 28 U.S.C. §§1331 and 1367. This suit is authorized and initiated pursuant to 42 U.S.C. §1983 and also asserts supplemental state law claims.

## STATEMENT OF THE PARTIES

1. Plaintiff Justin Noles is an individual over the age of nineteen and a resident of Shelby County, Alabama.

2. Defendant Coosa Valley Youth Services, Inc. is an Alabama corporation and was at all material times herein doing business in Calhoun County, Alabama.

## **STATEMENT OF THE FACTS**

3. That on or about October 4, 2005 plaintiff was a minor child in the custody of the Alabama Department of Human Resources.

4. That on or about October 4, 2005 plaintiff, while residing in a group home, was approached by an Etowah County Deputy Sheriff, placed in handcuffs and transported to the Coosa Valley Juvenile Detention Center which is a facility owned and operated by defendant Coosa Valley Youth Services, Inc.

5. That the pre-signed order of the Juvenile Court of Etowah County directing the Sheriff to transport the plaintiff to Coosa Valley Detention did not direct, authorize, permit or otherwise allow the plaintiff to be confined by Coosa Valley Youth Services, Inc., in their detention facility.

6. That upon transport to the Coosa Valley Juvenile Detention Center on October 4, 2005, Coosa Valley Youth Services, Inc., through its employees, servants or agents confined plaintiff in the detention facility.

7. On October 4, 2005, at the time of plaintiffs confinement in the detention facility, there existed no court order, valid or otherwise, directing or authorizing plaintiff's detention and there existed no provision under federal or state law allowing defendant to deprive plaintiff of his liberty by confinement in the detention facility.

8. Under Alabama law, all children placed in detention must be afforded a hearing before the juvenile court within seventy-two hours for a determination of the necessity for continued confinement. Plaintiff was not afforded a seventy-two hour hearing. Notwithstanding the foregoing, subsequent to seventy two hours from the time of plaintiff's confinement, Coosa

Valley Youth Services, Inc. continued to confine and imprison plaintiff knowing the same was unlawful.

9. Notwithstanding the absence of any order, valid or otherwise, Coosa Valley Youth Services, Inc., confined and imprisoned plaintiff in the Coosa Valley Juvenile Detention Facility until his writ of habeas corpus was granted on January 3, 2006 upon a finding by the Calhoun County Juvenile Court that there existed no valid court order for the detention of plaintiff.

10. That the defendant was without the legal authority to confine and/or imprison plaintiff in the Coosa Valley Detention Facility and while acting independently or acting in concert with the Etowah County Juvenile Probation Office was acting under the color, custom or usage of state law.

11. That the acts and conduct of Coosa Valley Youth Services, Inc., were willful, malicious, in bad faith, beyond its authority or under a mistaken interpretation of law.

## CAUSATION/DAMAGES

12. As a direct and proximate consequence of the defendant's actions complained of herein, plaintiff was caused to suffer the following injuries and damages:

   a. unjustifiably and unlawful seizure and restraint of plaintiff's liberty;

   b. violation of plaintiff's bodily integrity;

   c. physical discomfort;

   d. pain and suffering;

   e. mental anguish;

   f. emotional distress;

   g. loss of time.

## CAUSES OF ACTION

### COUNT I
(42 U.S.C. § 1983)

13. Plaintiff realleges all paragraphs herein set forth.

14. That the actions of defendant described herein denied plaintiff his liberty in violation of the procedural and substantive due process components of the Fourteenth Amendment to the Constitution of the United States.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT II
(42 U.S.C. § 1983)

15. Plaintiff realleges all paragraphs herein set forth.

16. That the actions of the defendant described herein denied plaintiff his right to bodily integrity in violation of the procedural and substantive due process components of the Fourteenth Amendment to the Constitution of the United States.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT III
(42 U.S.C. § 1983)

17. Plaintiff realleges all paragraphs herein set forth.

18. That the actions of the defendant denied plaintiff his right to be free from unreasonable seizure in violation of the Fourth Amendment to the Constitution of the United States.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT IV
(False Imprisonment)

19. Plaintiff realleges all paragraphs herein set forth.

20. That the actions of defendant caused plaintiff to be unlawfully detained whereby he was deprived of his personal liberty.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT V
(Outrage)

21. Plaintiff realleges all paragraphs herein set forth.

22. That defendant intended to cause plaintiff emotional distress or knew or should have known that emotional distress was the likely result of his unlawful seizure and/or detention.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT VI
(Negligence)

23. Plaintiff realleges all paragraphs herein set forth.

24. That as a proximate consequence of defendant's negligent conduct, acts and omissions plaintiff was caused to suffer injury and damage as set forth herein.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT VIII
(Wantonness)

25. Plaintiff realleges all paragraphs herein set forth

26. That as a proximate consequence of defendant's wanton conduct, acts and omissions plaintiff was caused to suffer injury and damage as set forth herein.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT IX
(Negligent Supervision)

27. Plaintiff realleges all paragraphs herein set forth.

28. That as a proximate consequence of defendant's negligent supervision plaintiff was caused to suffer injury and damage as set forth herein.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

## COUNT X
(Wanton Supervision)

29. Plaintiff realleges all paragraphs herein set forth.

30. That as a proximate consequence of defendant's wanton supervision plaintiff was caused to suffer injury and damage as set forth herein.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, plaintiff prays for the following relief:

a. Compensatory and punitive damages as deemed appropriate by a jury;

b. Attorney's fees and costs;

c. Such other, further and different relief to which plaintiff may be entitled.

Robert D. Drummond, Jr. (DRU004)
Attorney for the Plaintiff.

OF COUNSEL:

323 De La Mare Ave
Fairhope, Al 36532
251-990-6249
robertdrummond@bellsouth.net

JURY DEMAND

Plaintiff requests trial by jury on all counts to the complaint.