IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTIN NOLES** | * | |
| **Plaintiff,** | * | |
| vs. | * | **CASE NO:CV-10-BE-1803-KOB** |
| | | **JURY DEMAND** |
| **COOSA VALLEY** | * | |
| **YOUTH SERVICES, INC.,** | | |
| **MIKE ROLLINS, individually,** | * | |
| **ROBERT CASILLO, individually,** | | |
| **BARBARA ROBERTS, individually** | * | |
| **Defendants.** | | |

## FIRST AMENDED COMPLAINT

Plaintiff files this his first amended complaint, incorporating by reference the complaint, and states as follows: This action is brought seeking damages as a result of the herein described conduct, the same being in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. The plaintiff also asserts state law claims.

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the Acts of Congress known as 28 U.S.C. §§1331 and 1367. This suit is authorized and initiated pursuant to 42 U.S.C. §1983 and also asserts supplemental state law claims.

## STATEMENT OF THE PARTIES

1. Plaintiff Justin Noles is an individual over the age of nineteen and a resident of

Shelby County, Alabama.

2. Defendant Coosa Valley Youth Services, Inc. is an Alabama corporation and was at all material times herein doing business in Calhoun County, Alabama.

3. Defendant Mike Rollins is an individual over the age of nineteen and all times material herein was the Executive Director of Coosa Valley Youth Services and was responsible for ensuring that the Coosa Valley Youth Services Detention Facility operates in accordance with Federal and State laws, rules and regulations. Mr. Rollins is sued in his individual capacity solely.

4. Defendant Robert Casillo is an individual over the age of nineteen and all times material herein was the Detention Program Manager for Coosa Valley Youth Services and was responsible for the day to day operation of the Coosa Valley Youth Services Detention Facility. Mr. Casillo is sued in his individual capacity solely.

5. Defendant Barbara Roberts is an individual over the age of nineteen and at all times material herein was the Chief Probation Officer for the Etowah, County Juvenile Court and was responsible for the administration of the juvenile probation services for Etowah County, AL. Ms. Roberts is sued in her individual capacity solely.

## STATEMENT OF THE FACTS

6. That on or about October 4, 2005 plaintiff was a minor child in the custody of the Alabama Department of Human Resources.

7. That on or about October 4, 2005 plaintiff, while residing in a group home, was approached by an Etowah County Deputy Sheriff, placed in handcuffs and transported to the Coosa Valley Juvenile Detention Center which is a facility owned and operated by

defendant Coosa Valley Youth Services, Inc.

8. That the pre-signed order of the Juvenile Court of Etowah County directing the Sheriff to transport the plaintiff to Coosa Valley Detention did not direct, authorize, permit or otherwise allow the plaintiff to be confined by Coosa Valley Youth Services, Inc., in their detention facility.

9. That upon transport to the Coosa Valley Juvenile Detention Center on October 4, 2005, Coosa Valley Youth Services, Inc., through its employees, servants or agents, including but not limited to Defendants Rollins and Casillo, confined plaintiff in the detention facility.

10. On October 4, 2005, at the time of plaintiffs confinement in the detention facility, there existed no court order, valid or otherwise, directing or authorizing plaintiff's detention and there existed no provision under federal or state law allowing defendants to deprive plaintiff of his liberty by confinement in the detention facility.

11. Under Alabama law, all children placed in detention must be afforded a hearing before the juvenile court within seventy-two hours for a determination of the necessity for continued confinement. Plaintiff was not afforded a seventy-two hour hearing. Notwithstanding the foregoing, subsequent to seventy two hours from the time of plaintiff's confinement, Coosa Valley Youth Services, Inc., and Defendants Rollins and Casillo continued to confine and imprison plaintiff knowing the same was unlawful.

12. Notwithstanding the absence of any order, valid or otherwise, Coosa Valley Youth Services, Inc., and Defendants Rollins, Casillo and Roberts individually or acting in concert confined and imprisoned plaintiff in the Coosa Valley Juvenile Detention Facility until his writ of habeas corpus was granted on January 3, 2006 upon a finding by

the Calhoun County Juvenile Court that there existed no valid court order for the detention of plaintiff.

13. That pursuant to Alabama law once a child is taken into custody and not released from detention a petition must be filed and a hearing held within seventy-two hours to determine whether continued detention is required. Defendant Roberts, either personally or in a supervisory capacity, was responsible for ensuring compliance with statutory requirements regarding taking plaintiff into custody, informing him of his rights, conducting intake and determining his immediate release or the filing of a petition and scheduling a hearing within seventy two hours. Defendant Roberts failed to act in each instance of the foregoing.

14. Defendants Roberts, individually or in a supervisory capacity, maintained the policy, procedure and practice of securing and utilizing pre-signed transportation and/or pick-up orders that she allowed Etowah County Juvenile Probation officers to utilize in the taking into custody children in Etowah County, including the plaintiff on or about October 4, 2005. Such policy, procedure or practice is not authorized under Alabama law.

15. That the defendants were without the legal authority to confine and/or imprison plaintiff in the Coosa Valley Detention Facility and while acting independently or in concert were acting under the color, custom or usage of state law.

16. That the acts and conduct of Defendants were willful, malicious, in bad faith, beyond their authority or under a mistaken interpretation of law.

## CAUSATION/DAMAGES

17. As a direct and proximate consequence of the defendants' actions complained of herein, plaintiff was caused to suffer the following injuries and damages:

a. unjustifiably and unlawful seizure and restraint of plaintiff's liberty;

b. violation of plaintiff's bodily integrity;

c. physical discomfort;

d. pain and suffering;

e. mental anguish;

f. emotional distress;

g. loss of time.

## CAUSES OF ACTION

### COUNT I
(42 U.S.C. § 1983)

18. Plaintiff realleges all paragraphs herein set forth.

19. That the actions of defendant described herein denied plaintiff his liberty in violation of the procedural and substantive due process components of the Fourteenth Amendment to the Constitution of the United States.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT II
(42 U.S.C. § 1983)

20. Plaintiff realleges all paragraphs herein set forth.

21. That the actions of the defendants described herein denied plaintiff his right to bodily integrity in violation of the procedural and substantive due process components of the Fourteenth Amendment to the Constitution of the United States.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

## COUNT III
(42 U.S.C. § 1983)

22. Plaintiff realleges all paragraphs herein set forth.

23. That the actions of the defendants denied plaintiff his right to be free from unreasonable seizure in violation of the Fourth Amendment to the Constitution of the United States.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

## COUNT IV
(False Imprisonment)

24. Plaintiff realleges all paragraphs herein set forth.

25. That the actions of defendants caused plaintiff to be unlawfully detained whereby he was deprived of his personal liberty.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

## COUNT V
(Outrage)

26. Plaintiff realleges all paragraphs herein set forth.

27. That defendants intended to cause plaintiff emotional distress or knew or should have known that emotional distress was the likely result of his unlawful seizure and/or detention.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

## COUNT VI
(Negligence)

28. Plaintiff realleges all paragraphs herein set forth.

29. That as a proximate consequence of defendants' negligent conduct, acts and

omissions plaintiff was caused to suffer injury and damage as set forth herein.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT VIII
(Wantonness)

30. Plaintiff realleges all paragraphs herein set forth

31. That as a proximate consequence of defendants' wanton conduct, acts and omissions plaintiff was caused to suffer injury and damage as set forth herein.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT IX
(Negligent Supervision)

32. Plaintiff realleges all paragraphs herein set forth.

33. That as a proximate consequence of defendants' negligent supervision plaintiff was caused to suffer injury and damage as set forth herein.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT X
(Wanton Supervision)

34. Plaintiff realleges all paragraphs herein set forth.

35. That as a proximate consequence of defendants' wanton supervision plaintiff was caused to suffer injury and damage as set forth herein.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

### COUNT XI
(Conspiracy)

36. Plaintiff realleges all paragraphs herein set forth.

37. That defendant Coosa Valley Youth Services, Inc., and its employees and agents, conspired, federated or acted in concert with Defendant Roberts to deprive plaintiff his rights under the Constitution of the United States and the laws of the State of Alabama.

Wherefore, the premises considered, plaintiff demands the relief set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, plaintiff prays for the following relief:

a. Compensatory and punitive damages as deemed appropriate by a jury;

b. Attorney's fees and costs;

c. Such other, further and different relief to which plaintiff may be entitled.

s/Robert D. Drummond, Jr.
Robert D. Drummond, Jr. (DRU004)
Attorney for the Plaintiff.

OF COUNSEL:

323 De La Mare Ave
Fairhope, Al 36532
251-990-6249
robertdrummond@bellsouth.net

### Certificate of Service

I hereby certify that this the 13th day of October, 2010 a copy of this amended complaint was filed with the Clerk of the Court utilizing the CM/ECF Filing System thereby providing notice to all counsel of record.

s/Robert D. Drummond, Jr.
Of Counsel

### JURY DEMAND
Plaintiff requests trial by jury on all counts to the amended complaint.